UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOMONIQUE DEMETRIS FARR,

        Petitioner,

v.

MICHIGAN COURT OF APPEALS,

        Respondent.
_____/

Case No. 1:25-cv-263

Honorable Sally J. Berens

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

I.      **Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On January 19, 2010, after Petitioner pleaded guilty to second-degree murder, in violation of Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b, the Kent County Circuit Court sentenced Petitioner to 23 years to 60 years for the murder conviction and a consecutive 2-year sentence for the felony-firearm conviction.[1] *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=607251 (last visited Mar. 11, 2025). Petitioner did not appeal his convictions and sentences to the Michigan Court of Appeals and the Michigan Supreme Court.

Petitioner has attached a copy of the trial court's docket from his criminal proceedings to his Section 2254 petition. The docket reflects that on December 30, 2015, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502 with the trial court. (ECF No. 1-1, PageID.14.) The docket indicates that the trial court entered an opinion and order denying that motion February 12, 2016. (*Id.*) However, the docket reflects further that the judgment denying the motion was entered on May 6, 2016. (*Id.*) Petitioner did not appeal the denial of his Rule 6.502 motion to the state appellate courts.

---

[1] Petitioner is also serving a 2 to 15 year sentence imposed by the Kent County Circuit Court on January 16, 2008, after Petitioner pleaded guilty to assault with the intent to rob while armed. *See* OTIS, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=607251 (last visited Mar. 11, 2025). Petitioner, however, explicitly notes in his Section 2254 petition that he is challenging his convictions and sentences for second-degree murder and felony-firearm.

2

On May 24, 2024, Petitioner filed a complaint for a writ of habeas corpus with the Michigan Court of Appeals. (*Id.*, PageID.5–8); *see also* Register of Actions, *Farr v. Muskegon Corr. Facility Warden*, No. 371090 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/371090 (last visited Mar. 11, 2025). The court of appeals denied his complaint on October 9, 2024. *Id.* Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court. *See id.* The supreme court initially administratively closed the case because Petitioner had failed to submit a certificate of account activity. *Id.* However, that order was vacated on December 6, 2024. *Id.* The docket reflects that Petitioner's appeal is still pending before the Michigan Supreme Court. *Id.*

This Court received Petitioner's Section 2254 petition on March 10, 2025. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not date his Section 2254 petition. The envelope in which he mailed his petition has two postmarks—one for February 19, 2025, and one for March 5, 2025. (§ 2254 Pet., ECF No. 1, PageID.3.) A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem February 19, 2025, the first postmarked date, to be the date on which Petitioner filed his Section 2254 petition.

Petitioner refers to his petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (§ 2254 Pet., ECF No. 1, PageID.1.) Petitioner seeks an order directing the Warden of MCF to immediately discharge him from custody. (*Id.*, PageID.2.) Petitioner seeks release based upon an argument that his convictions and sentences are void

3

because of a lack of jurisdiction. (*Id.*, PageID.1.) Specifically, Petitioner avers that the trial court never obtained jurisdiction over his case because Petitioner was never "arraigned on the warrant following his arrest and prior to being bound over to the Circuit Court." (ECF No. 1-1, PageID.6.) Petitioner suggests that the lack of arraignment violated his rights under the Sixth and Fourteenth Amendments. (*Id.*, PageID.7.)

**II.      Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**A.      Timeliness Under Section 2244(d)(1)(A)**

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth above, Petitioner did not seek to appeal his pleas and sentences to the Michigan Court of Appeals. Moreover, public dockets do not reflect any appellate proceedings initiated by Petitioner.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled also to count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party who has entered a guilty plea cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. *See* Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of six months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw a plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or (4) an order regarding a timely motion for reconsideration of one of those four motions. *See* Mich. Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final six months after his sentence

was imposed on January 19, 2010, or on Monday, July 19, 2010. Petitioner had one year from that date,[2] until Tuesday, July 19, 2011, to file his habeas application. Petitioner did not file his Section 2254 petition until February 19, 2025. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner's exhibits indicate that on December 30, 2015, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. (ECF No. 1-1, PageID.14.) The trial court entered judgment denying that motion on May 6, 2016. (*Id.*) Petitioner did not seek to appeal that denial to the Michigan appellate courts.

Moreover, as also noted above, Petitioner filed a complaint for a writ of habeas corpus with the Michigan Court of Appeals on May 24, 2024. The court of appeals denied that complaint on October 9, 2024, and Petitioner's appeal of that denial is still pending before the Michigan Supreme Court.

Nevertheless, as noted above, the one-year limitations period under AEDPA expired on July 19, 2011. Petitioner did not file his Rule 6.502 motion until more than four years after the limitations period expired, and he did not file his complaint for a writ of habeas corpus until almost 13 years after the limitations period expired. Thus, these filings did not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Therefore, for the reasons set forth above, it does not appear that Petitioner is entitled to any statutory tolling because the one-year limitations period had already expired by the time he sought post-conviction relief in both the trial court and the Michigan appellate courts. Thus, the one-year limitations period expired on July 19, 2011, and Petitioner's Section 2254 petition, filed on February 19, 2025, is untimely.

### C. Equitable Tolling

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen v.*

7

*Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.     Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' means factual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Instead, Petitioner contends that his convictions are void because the trial court did not obtain jurisdiction over his criminal proceedings because Petitioner was never arraigned after his arrest. That claim does not demonstrate factual innocence. *See, e.g.*, *Logan v. Kelley*, No. 15-3879, 2016 WL 11786288, at *2 (6th Cir. Apr. 4, 2016) (stating "the state court's alleged lack of jurisdiction to try him does not . . .

. establish his actual innocence"); *Casey v. Tenn.*, 399 F. App'x 47, 48–49 (6th Cir. 2010) (holding that the petitioner's challenge to the trial court's jurisdiction could not establish factual innocence, only legal sufficiency, which does not justify relief under *Schlup*). Because Petitioner has not provided evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.     Timeliness Under Section 2244 (d)(1)(B)–(D)

While Petitioner's Section 2254 petition is untimely under Section 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his Section 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, Sections 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that Section 2244(d)(1)(D) renders his Section 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under Section 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might

support his claim. *Redmond*, 295 F. Supp. 2d at 771. (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)).″ "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of Section 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). "The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Here, Petitioner does not set forth any facts suggesting when he discovered the factual predicate for his habeas claim. Petitioner, however, would have been well aware of the lack of any arraignment while his criminal charges were still pending before the trial court. Thus, based on the allegations in the petition, by July 19, 2011, the limitations period had expired. It does not appear that Petitioner is entitled to statutory tolling, and he offers no basis for equitable tolling, avoidance of the statute of limitations bar because of actual innocence, or belated commencement of the limitations period.

**Conclusion**

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:  March 18, 2025                     /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            United States Magistrate Judge