UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOMONIQUE DEMETRIS FARR,

                    Petitioner,                           Case No. 1:25-cv-263

v.                                                        Honorable Sally J. Berens

MICHIGAN COURT OF APPEALS,

                    Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1] As part

of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the

Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 4.)

The Court therefore entered an order directing Petitioner to show cause within 28 days why his

petition should not be dismissed as untimely. (Order, ECF No. 5.) Petitioner has filed a motion for

---

[1] Petitioner avers that he has not filed a Section 2254 petition and that his filing should instead be construed as a motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. (ECF No. 7, PageID.37.) Petitioner contends that Rule 60(b)(4) allows a federal district court "to relieve a party to a civil action from the force of a final judgment." (*Id.*) Petitioner states that he was a party to a civil action in the state courts and that he is asking the Court to "relieve him of the force of that void judg[]ment." (*Id.*) Petitioner, however, may not rely upon Rule 60(b)(4) to attack a state-court judgment in this Court. *Cf. Rahaman v. Am. Connect Family Property & Casualty Ins.*, No. 24-1178, 2024 WL 5445319, at *2 (6th Cir. Oct. 21, 2024) (noting that the plaintiff could not rely upon Rule 60(b)(3) to attack the validity of a state-court judgment). The Court construed Petitioner's initial filing as a Section 2254 petition because Petitioner seeks immediate release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (noting that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

release or release on bond pending a decision (ECF No. 6), as well as a response (ECF No. 7) to the Court's opinion and order to show cause.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because

Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After reviewing Petitioner's response, the Court concludes that Petitioner has not shown cause why his petition should not be dismissed as untimely. Accordingly, the Court will dismiss

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Petitioner's petition with prejudice as untimely. The Court will also deny Petitioner's motion for release or release on bond pending a decision (ECF No. 6).

<u>Discussion</u>

## I.    Motion for Release or Release on Bond

Within his notice of consent to the undersigned's jurisdiction, Petitioner requests that the Court grant him "a conditional writ or appeal until final judgment." (ECF No. 6, PageID.34.) The Court has construed Petitioner's motion as a motion for bond pending resolution of his Section 2254 petition.

In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit recognized that, in limited circumstances, a district court may grant bond pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Dotson*, 900 F.2d at 79; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson*, 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's request is perfunctory and states no substantial basis for the relief he seeks.

4

The standard for a granting a petition for bond pending resolution of a petition for writ of habeas corpus is not simply arguable, but a showing by the petitioner of a "substantial claim" and "exceptional circumstances." *Dotson*, 900 F.2d at 79. As discussed below, Petitioner has not presented this Court with evidence that would in fact support a claim of actual innocence, and he fails to show cause to excuse the untimely filing of his Section 2254 petition. Accordingly, Petitioner's motion for release on bond (ECF No. 6) will be denied.

## II.    Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On January 19, 2010, after Petitioner pleaded guilty to second-degree murder, in violation of Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b, the Kent County Circuit Court sentenced Petitioner to 23 years to 60 years for the murder conviction and a consecutive two-year sentence for the felony-firearm conviction.[3] *See* Offender Tracking Information System (OTIS), https://mdocweb. state.mi.us/otis2/otis2profile.aspx?mdocNumber=607251 (last visited Apr. 1, 2025). Petitioner did not appeal his convictions and sentences to the Michigan Court of Appeals and the Michigan Supreme Court.

Petitioner has attached a copy of the trial court's docket from his criminal proceedings to his Section 2254 petition. The docket reflects that on December 30, 2015, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502 with the trial court. (ECF No. 1-

---

[3] Petitioner is also serving a 2 to 15 year sentence imposed by the Kent County Circuit Court on January 16, 2008, after Petitioner pleaded guilty to assault with the intent to rob while armed. *See* OTIS, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=607251 (last visited Apr. 1, 2025). Petitioner, however, explicitly notes in his Section 2254 petition that he is challenging his convictions and sentences for second-degree murder and felony-firearm.

1, PageID.14.) The docket indicates that the trial court entered an opinion and order denying that motion February 12, 2016. (*Id.*) However, the docket reflects further that the judgment denying the motion was entered on May 6, 2016. (*Id.*) Petitioner did not appeal the denial of his Rule 6.502 motion to the state appellate courts.

On May 24, 2024, Petitioner filed a complaint for a writ of habeas corpus with the Michigan Court of Appeals. (*Id.*, PageID.5–8.[4]) The court of appeals denied his complaint on October 9, 2024. *Id.*  Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court. *See id.* The supreme court initially administratively closed the case because Petitioner had failed to submit a certificate of account activity. *Id.* However, that order was vacated on December 6, 2024. *Id.* The docket reflects that Petitioner's appeal is still pending before the Michigan Supreme Court. *Id.*

This Court received Petitioner's Section 2254 petition on March 10, 2025. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not date his Section 2254 petition. The envelope in which he mailed his petition has two postmarks—one for February 19, 2025, and one for March 5, 2025. (§ 2254 Pet., ECF No. 1, PageID.3.) A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem February 19, 2025, the first postmarked date, to be the date on which Petitioner filed his Section 2254 petition.

---

[4] *See also* Register of Actions, *Farr v. Muskegon Corr. Facility Warden*, No. 371090 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/371090 (last visited Apr. 1, 2025).

Petitioner refers to his petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (§ 2254 Pet., ECF No. 1, PageID.1.) Petitioner seeks an order directing the Warden of MCF to immediately discharge him from custody. (*Id.*, PageID.2.) Petitioner seeks release based upon an argument that his convictions and sentences are void because of a lack of jurisdiction. (*Id.*, PageID.1.) Specifically, Petitioner avers that the trial court never obtained jurisdiction over his case because Petitioner was never "arraigned on the warrant following his arrest and prior to being bound over to the Circuit Court." (ECF No. 1-1, PageID.6.) Petitioner suggests that the lack of arraignment violated his rights under the Sixth and Fourteenth Amendments. (*Id.*, PageID.7.)

## III.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under Section 2244(d)(1)(A)

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth above, Petitioner did not seek to appeal his pleas and sentences to the Michigan Court of Appeals. Moreover, public dockets do not reflect any appellate proceedings initiated by Petitioner.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party who has entered a guilty plea cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. *See* Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of six months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or

(4) an order regarding a timely motion for reconsideration of one of those four motions. *See* Mich. Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final six months after sentence was imposed on January 19, 2010, or on Monday, July 19, 2010. Petitioner had one year from that date,[5] until Tuesday, July 19, 2011, to file his habeas application. Petitioner did not file his Section 2254 petition until February 19, 2025. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner's exhibits indicate that on December 30, 2015, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. (ECF No. 1-1, PageID.14.) The trial court entered judgment denying that motion on May 6, 2016. (*Id.*) Petitioner did not seek to appeal that denial to the Michigan appellate courts.

Moreover, as also noted above, Petitioner filed a complaint for a writ of habeas corpus with the Michigan Court of Appeals on May 24, 2024. The court of appeals denied that complaint on October 9, 2024, and Petitioner's appeal of that denial is still pending before the Michigan Supreme Court.

Nevertheless, as noted above, the one-year limitations period under AEDPA expired on July 19, 2011. Petitioner did not file his Rule 6.502 motion until more than four years after the

---

[5] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

limitations period expired, and he did not file his complaint for a writ of habeas corpus until almost 13 years after the limitations period expired. Thus, these filings did not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Therefore, for the reasons set forth above, it does not appear that Petitioner is not entitled to any statutory tolling since the one-year limitations period had already expired by the time he sought post-conviction relief in both the trial court and the Michigan appellate courts. Thus, the one-year limitations period expired on July 19, 2011, and Petitioner's Section 2254 petition, filed on February 19, 2025, is clearly untimely.

### C.      Equitable Tolling

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his response (ECF No. 7), Petitioner suggests that his first appellate attorney "was incompetent and ineffective" because the attorney "failed to notice the jurisdictional defect." (*Id.*,

PageID.36.) Petitioner faults that attorney for advising him that there were "no appealable issues to argue." (*Id.*) Petitioner claims that he "erroneously assumed that what the attorney said was accurate for a number of years." (*Id.*) He avers that in 2023, he "became curious about American jurisprudence," and that "while perusing case law, [he] recently became aware that [the prosecution did not comply] with arraignment [procedures]." (*Id.*)

The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Likewise, Petitioner's arguments concerning appellate counsel's ineffectiveness do not suffice to entitle Petitioner to equitable tolling of the limitations period. In *Holland*, the Supreme Court distinguished between (1) a situation where a client is represented by a negligent attorney, which, however the negligence is styled, does not equate to an extraordinary circumstance warranting equitable tolling; and (2) a situation where a client has been abandoned by counsel, which suffices to establish extraordinary circumstances beyond the petitioner's control. *See Holland*, 560 U.S. at 651–52, 659. As noted above, however, Petitioner's time to appeal his conviction and sentence in the state appellate courts expired as of July 19, 2010. Petitioner's arguments concerning appellate counsel's ineffectiveness go towards counsel's failure to file a direct appeal, not counsel's failure to file a timely Section 2254 petition on Petitioner's behalf. Thus, any ineffective assistance by appellate counsel cannot serve as extraordinary circumstances warranting the application of equitable tolling.

Moreover, Petitioner fails to provide any suggestion that he has been pursuing his rights diligently. Petitioner acknowledges that he did not begin to conduct legal research until 2023, twelve years after the limitations period expired. The Sixth Circuit has declined to conclude that equitable tolling applies in situations where petitioners have sat on their rights for shorter periods of time. *See Bennett v. Fitz*, No. 24-5679, 2024 WL 5359540, at *2 (6th Cir. Dec. 10, 2024) (noting that the petitioner sat on his rights for separate periods of eight and six years respectively before filing a Section 2254 petition); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) ("[T]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here.").

Accordingly, for the reasons set forth above, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' means factual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim,

though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Instead, Petitioner contends that his convictions are void because the trial court did not obtain jurisdiction over his criminal proceedings because Petitioner was never arraigned after his arrest. That claim does not relate to factual innocence. *See, e.g.*, *Logan v. Kelley*, No. 15-3879, 2016 WL 11786288, at *2 (6th Cir. Apr. 4, 2016) (stating "the state court's alleged lack of jurisdiction to try him does not . . . establish his actual innocence"); *Casey v. Tenn.*, 399 F. App'x 47, 48–49 (6th Cir. 2010) (holding that the petitioner's challenge to the trial court's jurisdiction could not establish factual innocence, only legal sufficiency, which does not justify relief under *Schlup*). Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.   Timeliness under Section 2244 (d)(1)(B)–(D)

While Petitioner's Section 2254 petition is untimely under Section 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his Section 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, Sections 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that Section 2244(d)(1)(D) renders his Section 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence." Under Section 2244(d)(1)(D), the time under the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F. Supp. 2d at 771 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of Section 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available'

14

is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

In his response, Petitioner suggests that he did not discover the factual predicate for his habeas claim until at least 2023. (ECF No. 7, PageID.36.) Petitioner, however, would have been well aware of the lack of any arraignment while his criminal charges were still pending before the trial court. Moreover, as discussed above, Petitioner wholly fails to set forth any facts from which the Court could conclude that Petitioner acted with due diligence. Accordingly, Petitioner is not entitled to belated commencement of the limitations period under Section 2244(d)(1)(D).

In sum, the limitations period expired as of July 19, 2011, and Petitioner has failed to show cause to excuse the tardy filing of his Section 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

## IV.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It was filed more than one year after the underlying judgment became final, and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter an order denying Petitioner's motion for release on bond (ECF No. 6) as well as denying a certificate of appealability, and a judgment dismissing the petition with prejudice as untimely.

Dated:   April 17, 2025                          /s/ Sally J. Berens
                                                 HON. SALLY J. BERENS
                                                 United States Magistrate Judge